**UNITED STATES of America,**
**Appellee,**

v.

**Reuben Luther ANDREWS,**
**Defendant–Appellant.**

**No. 05–2599–CR.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2006.

Elizabeth MacEdonio, Bayside, New York, for Appellant.

Lawrence Gerschwer, Katherine Polk Failla, Assistant United States Attorneys for the Southern District of New York (Michael J. Garcia, United States Attorney, on the brief), for Appellee.

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Reuben Luther Andrews ("Andrews") appeals from the judgment of conviction entered on May 25, 2005 in the United States District Court for the Southern District of New York (Batts, *J.*), pursuant to a jury verdict convicting Andrews of four of the five charged counts: two counts of identification document fraud, in violation of 18 U.S.C. §§ 1028(a)(2), (3); conspiracy to commit identification document fraud, in violation of 18 U.S.C. § 371; and conspiracy to bribe a public official, in violation of 18 U.S.C. § 371. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Andrews argues that there was a "retroactive misjoinder" of the substantive bribery count—on which he was acquitted— that resulted in "prejudicial spillover" at his trial. *See United States v. Jones,* 16 F.3d 487, 493 (2d Cir.1994). " 'Retroactive misjoinder' arises where joinder of multiple counts was proper initially, but later developments—such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions—render the initial joinder improper." *Id.* "To invoke retroactive misjoinder, a defendant must show compelling prejudice." *Id.* (internal quotations and alterations omitted). "Such 'compelling prejudice' may be found where

by designation.

there is 'prejudicial spillover from evidence used to obtain a conviction subsequently reversed on appeal.'" *United States v. Hamilton*, 334 F.3d 170, 182 (2d Cir.2003) (quoting *Jones*, 16 F.3d at 493). "The concept of prejudicial spillover ... requires an assessment of the likelihood that the jury, in considering one particular count ..., was affected by evidence that was relevant only to a different count...." *Hamilton*, 334 F.3d at 182.

The doctrine of retroactive misjoinder appears to be inapplicable. There has been no holding that the evidence on any of the charged counts was legally insufficient; the jury simply found the evidence to be unpersuasive on one of the counts. *See Hamilton*, 334 F.3d at 183. "The absence of [prejudicial] spillover is most readily inferable where the jury has convicted a defendant on some counts but not on others[,]" indicating that the jury was able to distinguish between counts and assess separately the evidence relevant to each. *Id.*

We employ a three-part analysis to assess whether there has been a prejudicial spillover from evidence submitted in support of convictions that were set aside after trial:

(1) whether the evidence introduced in support of the vacated count was of such an inflammatory nature that it would have tended to incite or arouse the jury into convicting the defendant on the remaining counts, (2) whether the dismissed count and the remaining counts were similar, and (3) whether the government's evidence on the remaining counts was weak or strong.

*Hamilton*, 334 F.3d at 182 (internal quotations omitted).

As to (1), the evidence introduced to support the substantive bribery charge was no more inflammatory than the evidence submitted to support the conspiracy to bribe charge or the substantive fraud charges. *See id.* As to (2), the same evidence submitted on the substantive bribery charge was also properly admissible on the conspiracy to bribe charge; thus the substantive bribery charge introduced no possible prejudice:

It is only in those cases in which evidence is introduced on the invalidated count that would otherwise be inadmissible on the remaining counts, *and* this evidence is presented in such a manner that tends to indicate that the jury probably utilized this evidence in reaching a verdict on the remaining counts, that spillover prejudice is likely to occur.

*United States v. Rooney*, 37 F.3d 847, 856 (2d Cir.1994).

As to (3), the government's evidence on the four counts of conviction was sufficient to sustain these convictions. The government presented numerous witnesses and documents demonstrating Andrews' procurement of fraudulent government documents and his conspiracy to obtain such documents and to bribe a government official.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**